UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Frank Barrepski and Carrie Barrepski ) ) ) PLAINTIFFS ) ) v. ) ) Capital One Bank (U.S.A.), N.A. ) ) and ) ) Experian Information Systems, Inc. ) ) DEFENDANTS ) ) | CIVIL ACTION NO: Michael A. Ponsor, U.S.D.J Kenneth P. Neiman, U.S.M.J. |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

This is an action to redress the Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(u), as amended and corresponding State law. Defendants have knowingly and willfully engaged in the continued entry of false and defamatory information in Mr. Barrepski's consumer report. He seeks damages for repeated entries of false information into the consumer report and defamation. Both Frank and Carrie Barrepski also seek damages for pain and suffering and emotional distress.

## JURISDICTIONAL STATEMENT

This case is brought under the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681(u). "An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy. . ." 15 U.S.C. § 1681p.

## PARTIES

1. Plaintiffs Frank M. Barrepski Jr. and Carrie M. Barrepski are married individuals who reside in West Springfield, MA.

2. Defendant Capital One Bank (U.S.A.), N.A. is a corporation with a place of business at 15000 Capital One Drive, Richmond VA 23238.

3. Defendant Experian Information Systems, Inc. is a business entity with a corporate headquarters at 475 Anton Blvd., Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

1. On January 17, 2009 an action for an alleged credit card debt owed to Capital One for $539.16 was filed in the Small Claims Division of the Springfield District Court under docket # 0923SC0317 with hearing scheduled for April 23, 2009.

2. In response, counterclaims were filed on or about April 14, 2009.

3. Capital One Bank offered to dismiss its claim and the counterclaims with prejudice.

4. Such offer was accepted and a judgment of dismissal with prejudice was entered on April 22, 2009.

5. However, the alleged debt owed was not removed from Mr. Barrepski's consumer report.

6. Mr. Barrepski's wife, Carrie Barrepski, called Capital One several times on his behalf to tell them that it was necessary to remove their entry from his consumer report.

7. Capital One's response was that they would change the entry to "settled and dismissed".

8. While such an entry of "settled and dismissed" would not be considered accurate, Capital One failed to even make that entry.

9. In two more calls placed by Carrie Barrepski on May 30, 2009 and June 4, 2009, Capital One did not provide any meaningful response at all.

10. Carrie Barrepski called the Law Office of Gary Kreppel, which represented Capital One in the small claims case and left a voice mail explaining the situation.

11. A paralegal returned the call and left a voice mail stating that she would investigate the matter.

12. Carrie Barrepski returned this phone call on June 4, 2009 and was told that a letter had been sent to Capital One explaining that the entry needed to be removed, but they had not done so. She stated that another message would be sent to Capital One.

13. Carrie Barrepski has multiple disabilities, including legal blindness, hearing loss, cardiac disease and cerebral palsy, which affects her balance as well. She has also been diagnosed with osteoporosis.

14. On April 24th, 2009, Carrie Barrepski fell and severely broke her ankle and emergency surgery was required. She was in the hospital for eighteen days and then underwent extensive in-home therapy and then outpatient therapy.

15. As a result, the doctors said they felt a one story house would be much safer, stating that another fall would be even more serious, especially given her multiple disabilities.

16. The Capital One entry on Mr. Barrepski's consumer report was disputed online through Experian on June 11, 2009.

17. On information and belief, Experian put Capital One on notice of the dispute.

18. On June 12, 2009, a notice of completed investigation was sent, which not only did not remove the entry but actually **increased** the amount allegedly owed.

19. Neither defendant conducted an investigation that was reasonable.

20. In response, Carrie Barrepski phoned Experian on the morning of June 15, 2009 to challenge the "investigation" result.

21. Experian's response was to claim that it could do nothing, alleging it was bound by the information provided by Capital One.

22. In a phone call to Experian on July 1, 2009, Carrie was informed that the Capital One entry was still on Mr. Barrepski's credit report. Experian also stated that it would investigate the matter further.

23. On July 2, 2009, Experian sent a notice of completed investigation. Once again, not only was the Capital One entry not removed, but the amount allegedly owed was **increased** as well.

24. The false and defamatory Capital One entry had a negative impact on Mr. and Mrs. Barrepski's attempt to secure a mortgage for a different house. On or about July 16, 2009, Frank and Carrie Barrepski applied for a mortgage at United Bank in the amount of $156,000.

25. This mortgage application was denied.

26. As a result of the Defendants' actions or failures to act, Mr. and Mrs. Barrepski experienced pain and suffering and emotional distress.

### COUNT I

27. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1 through 26, inclusive.

28. Defendant Capital One Bank's failure to conduct a reasonable investigation and remove the false entry of the alleged debt from Mr. Barrepski's consumer report violated §§1681s-2(b) of the Fair Credit Reporting Act.

29. As a result of this conduct, Mr. Barrepski's consumer report contained false information that led to the denial of a mortgage application, blocking the Barrepski's attempt to secure a safer home for Mrs. Barrepski. The false entry also defamed Mr. Barrepski. In addition, both Mr. and Mrs. Barrepski experienced pain and suffering and emotional distress.

### COUNT II

30. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1 through 29, inclusive.

31. Defendant Capital One Bank's failure to conduct a reasonable investigation and remove the false entry of the alleged debt from Mr. Barrepski's consumer report violated M.G.L. c. 93 54A.

32. As a result of this conduct, Mr. Barrepski's consumer report contained false information that led to the denial of a mortgage application, blocking the Barrepski's attempt to secure a safer home for Mrs. Barrepski. The false entry also defamed Mr. Barrepski. In addition, both Mr. and Mrs. Barrepski experienced pain and suffering and emotional distress.

### COUNT III

33. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1 through 32, inclusive.

34. Defendant Experian's failure to conduct a reasonable investigation and remove the false entry of the alleged debt from Mr. Barrepski's consumer report violated §§1681i of the Fair Credit Reporting Act.

35. As a result of this conduct, Mr. Barrepski's consumer report contained false information which led to the denial of a mortgage application, blocking the

Barrepski's attempt to secure a safer home for Mrs. Barrepski. The false entry also defamed Mr. Barrepski. In addition, both Mr. and Mrs. Barrepski experienced pain and suffering and emotional distress.

## COUNT IV

36. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1 through 35, inclusive.

37. Defendant Experian's failure to conduct a reasonable investigation and failing to remove the false entry of the alleged debt from Mr. Barrepski's consumer report violated M.G.L. c. 93 §58.

38. As a result of this conduct, Mr. Barrepski's consumer report contained false information that led to the denial of a mortgage application, blocking the Barrepski's attempt to secure a safer home for Mrs. Barrepski. The false entry also defamed Mr. Barrepski. In addition, both Mr. and Mrs. Barrepski experienced pain and suffering and emotional distress.

WHEREFORE, the Plaintiffs respectfully request that this Court:

   a. Award Frank Barrepski $156,00 for actual damages;

   b. Award Frank Barrepski $100,000 for defamation;

   c. Award Frank Barrepski $50,000 for mental and emotional distress, and pain and suffering;

   d. Award Frank Barrepski pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law;

   e. Award Frank Barrepski punitive damages;

   f. Award Frank Barrepski such other relief as the Court deems just and proper.

   g. Award Carrie Barrepski $156,000 for actual damages;

   h. Award Carrie Barrepski $75,000 for mental and emotional distress, and pain and suffering;

   i. Award Carrie Barrepski pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law;

  j. Award Carrie Barrepski punitive damages;

  k. Award Carrie Barrepski such other relief as the Court deems just and proper.

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

Respectfully submitted this 9th day of June 2011,

Frank M. Barrepski Jr, *pro se*    Carrie M. Barrepski, *pro se*

*/s/ Frank M. Barrepski*    */s/ Carrie Barrepski*

Frank M. Barrepski Jr.
P.O. Box 966
West Springfield, MA 01090
fbarrepski@adalaw.net
Phone: 413-330-3217
FAX: 413-650-5610